UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN GILBERT DALKA,<br><br>Petitioner,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security Administration,<br><br>Respondent. | Case No. 2:19-CV-00150-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Brian Gilbert Dalka's Petition for Review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits, filed on April 23, 2019. (Dkt. 1.) The Court has reviewed the Petition, the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the ALJ's decision and dismiss the petition.[1]

**PROCEDURAL AND FACTUAL HISTORY**

Petitioner filed an application for Title II benefits on December 4, 2015, alleging disability beginning November 25, 2015. The application was denied by the

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is the named Respondent. 42 U.S.C. § 405(g).

**MEMORANDUM DECISION AND ORDER - 1**

Commissioner. On October 14, 2016, Administrative Law Judge (ALJ) Marie Palachuk issued an unfavorable decision. (AR 55-65.) The Appeals Council denied Petitioner's request for review. Petitioner did not appeal the decision further and it is considered final and binding on the determination of Petitioner's disability status through October 14, 2016. (AR 17.)

On April 25, 2017, Petitioner filed a second application for Title II Disability Insurance Benefits, alleging disability beginning October 15, 2016. At the time of the alleged disability onset date, Petitioner was 43 years of age. Petitioner is a military veteran with a high school education and prior work experience as a grader. (AR 27.) Petitioner claims he is unable to work due to back and neck pain; headaches; a traumatic brain injury (TBI); post-traumatic stress disorder (PTSD); depression and anxiety; and sleep apnea.

Petitioner's second application was denied initially and on reconsideration. A hearing was conducted on May 1, 2018, before ALJ Jesse K. Shumway. After hearing testimony from Petitioner, the ALJ issued an unfavorable decision finding Petitioner not disabled on June 12, 2018. (AR 17-29.) Petitioner's request for review by the Appeals Council was denied on September 7, 2018, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision under 42 U.S.C. § 405(g). Petitioner challenges that the ALJ erred in: 1) disregarding the Department of Veterans Affairs (VA) disability rating; 2) failing to review the medical records; 3) evaluating the opinion evidence; 4) failing to address his

mental health impairments under Listing 12.15; and 5) failing to consider Petitioner's mental and physical impairments in combination.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533

F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## ISSUES PRESENTED[2]

Petitioner raises the following issues as grounds for reversal and remand:

1.    Whether the ALJ properly addressed the VA disability rating.

2.    Whether the ALJ properly reviewed the medical records.

3.    Whether the ALJ properly evaluated the opinion evidence.

4.    Whether the ALJ properly addressed Listing 12.15.

5.    Whether the ALJ properly considered Petitioner's mental and physical impairments in combination.

## DISCUSSION

## 1.    The ALJ Properly Addressed the VA Disability Rating

Petitioner argues the ALJ erred in disregarding the VA disability rating and adopting the prior ALJ's decision. Petitioner contends the ALJ improperly relied on the prior ALJ decision concerning the VA rating, because the prior ALJ failed to explain the

---

[2] The issues are addressed in a different order than presented by Petitioner for organizational reasons.

reasons for discounting the VA rating and because the VA increased Petitioner's disability rating to 100% after the first ALJ decision. (Dkt. 20, 23.) Respondent counters that the ALJ was not required to provide any analysis concerning the VA disability decision under the revised regulations. (Dkt. 22.) The Court finds the ALJ appropriately addressed the VA disability rating under the revised regulations.

The authority cited by Petitioner in support of this argument predates the revisions made to the regulations regarding the ALJ's evaluation of decisions by other governmental agencies, including the VA, for claims filed on or after March 27, 2017. Here, Petitioner's claim was filed April 25, 2017. Therefore, the revised regulations apply.

Under the revised regulations, decisions by other governmental agencies and nongovernmental entities about whether a claimant is disabled or entitled to any benefits is "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c)(1). The ALJ is not required to provide any analysis about how the ALJ considered such evidence in the disability determination or decision. *Id.*; 20 C.F.R. § 404.1504 (Decisions by other governmental agencies or nongovernmental entities about whether a claimant is disabled, blind, employable, or entitled to any benefits is based on its rules and is not binding on the ALJ.). The new SSA regulations instead require the ALJ to consider "all of the supporting evidence underlying" the other agency's decision that was received as evidence of Petitioner's claim in accordance with §404.1513(a)(1) through (4). 20 C.F.R. § 404.1520c(a). This requirement appears to align with prior Ninth Circuit caselaw

directing that an ALJ may "give less weight to a VA disability rating if [the ALJ] gives persuasive, specific, valid reasons for doing so that are supported by the record." *See Diaz v. Comm'r Soc. Sec. Admin.*, No. 2:19-cv-537-KJN, 2020 WL 2732027, at *3 (E.D. Cal. May 26, 2020); *Kathleen H. v. Saul*, No. 3:19-cv-00189-AA, 2020 WL 5017760, at *5 (D.Or. Aug. 25, 2020) (discussing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)).

Here, the second ALJ appropriately addressed the VA disability rating, stating: "I likewise considered his [VA] disability rating and adopt the reasoning used by the prior ALJ in finding that the rating does not support a conclusion of disability under the Social Security Act." (AR 27.) Nothing more was required under the revised regulations. The ALJ is no longer obligated to assign weight or provide analysis explaining how he or she considered the VA disability rating. 20 C.F.R. § 404.1504; *see Kathleen H.*, 2020 WL 5017760, at *5 (ALJ is no longer required to assign weight to VA disability determinations.).

As to Petitioner's contention that the VA increased his combined disability rating to 100% after the first ALJ decision, the records cited by Petitioner do not support this argument. (Dkt. 20 at 13) (citing AR 1034 - A June 8, 2015 record showing a combined service connected disability rating of 80% and AR 1564 – a December 2, 2014 record showing a combine disability rating of 70%.)[3] Indeed, prior to the first ALJ decision, the

---

[3] To the extent Petitioner seeks to challenge the sufficiency of the prior ALJ's decision addressing the VA disability rating, that argument was waived when Petitioner did not appeal the first ALJ's decision. *See* 42 U.S.C. § 405(g) (Petitioner may seek review of final decisions by the

VA assigned Petitioner's PTSD a 100% disability rating. (AR 200-208.) The first ALJ expressly considered the VA's 100% PTSD disability rating, stating: "the undersigned has also considered the determination of the [VA] finding the claimant 100% disabled by posttraumatic stress disorder." (AR 63.)

Moreover, the first ALJ explained the reasons for concluding differently from the VA disability determination were: 1) an independent evaluation of the evidence, and 2) application of the procedures applicable to Social Security Administration (SSA) proceedings. (AR 63.) While the differences in procedure between the VA and SSA alone are insufficient to dismiss the VA determination, the first ALJ's decision relied on specific portions of the VA record that concluded Petitioner's impairments were not permanent, there was a likelihood of improvement, and Petitioner was not found unable to secure or follow a substantially gainful occupation. (AR 63.)

For these reasons, the Court finds the ALJ properly addressed the VA disability determination. As explained more fully below, the Court further finds the ALJ properly evaluated and discussed the evidence underlying the VA disability rating as well as the other relevant evidence in the record in making the disability determination. The ALJ gave persuasive, specific, and valid reasons supported by substantial evidence in the record for concluding Petitioner is not disabled.

---

Commissioner of Social Security by filing a civil action within sixty-days after receiving notice of the decision.). The first ALJ decision concerning Petitioner's disability determination through October 14, 2016, is final. *See* 20 C.F.R. §§ 404.981, 416.1481 ("The Appeals Council's decision, or the decision of the [ALJ] if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised.").

2.      **The ALJ Properly Reviewed and Considered the Record**

Petitioner argues the ALJ erred by failing to review and develop the medical records, and by adopting the prior ALJ's decision. (Dkt. 20.) Specifically, Petitioner contends the ALJ failed to consider the entire VA record and, therefore, erred in finding that "the evidence relevant to the current adjudicatory period does not reflect any significant change" from the prior ALJ's determination. (Dkt. 20 at 20.) Respondent maintains the ALJ considered the entire record. (AR 22.) The Court finds the ALJ properly reviewed the record and did not error in adopting the prior ALJ's decision.

A.      **The ALJ Did Not Err in Adopting the Prior ALJ's Decision**

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1998) (citing *Lyle v. Sec'y of Health and Human Servs.*, 700 F.2d 566, 568 n.2 (9th Cir. 1983)); AR 97-4(9). Res judicata bars reconsideration of a previous final determination of nondisability in a subsequent claim for benefits through the date of the prior decision. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).

Furthermore, in the Ninth Circuit, a prior, final determination of nondisability creates a presumption of continuing nondisability with respect to any "subsequent disability claim with an unadjudicated period arising under the same title [of the SSA]." *Chavez*, 844 F.2d at 693; AR 97-4(9); *Lester*, 81 F.3d at 827. A claimant "may rebut this presumption by showing a 'changed circumstance' affecting the issue of disability with

respect to the unadjudicated period." AR 97-4(9). If the claimant rebuts the presumption, the ALJ must give some effect to certain findings in the final decision on the prior claim while adjudicating the subsequent claim, including findings regarding a claimant's residual functional capacity (RFC), education, and work experience. *Id*.

Here, the ALJ correctly recognized that the prior ALJ's finding of nondisability was the final and binding agency determination of Petitioner's disability status through October 14, 2016. (AR 17.) Accordingly, a presumption of continuing nondisability arose with respect to the subsequent period of alleged disability. *Chavez*, 844 F.2d at 693. Petitioner was therefore required to prove "changed circumstances" in order to overcome this presumption. *Id*.

Here, "after reviewing the latest evidence submitted," the ALJ found that no new and material evidence submitted since the prior decision directed a finding different from the prior ALJ's decision in terms of Petitioner's severe impairments, RFC, ability to perform past relevant work, and ability to perform other work. (AR 18.) The ALJ, therefore, adopted and gave effect to the findings of the prior ALJ's disability determination. (AR 18.) However, the ALJ found the change to the regulations for mental listings, Listing 12.15, constituted a changed circumstance rebutting the presumption of continuing nondisability. (AR 17-18, 22.)

The Court finds the ALJ properly adopted the prior ALJ's findings. *Chavez*, 844 F.2d at 693-94. Further, the Court finds the ALJ appropriately considered the record relevant to the unadjudicated period and that the ALJ's findings are supported by

substantial evidence.[4] As discussed more fully below, the ALJ reviewed the record and concluded the evidence relevant to the current adjudicatory period does not reflect any significant change to Petitioner's impairments since the prior disability determination that warrant different or additional limitations from those found by the prior ALJ. (AR 20-27) (finding Petitioner's symptoms are essentially unchanged and that nothing in the record directed a conclusion different from that reached by the prior ALJ.) Specifically, the ALJ revaluated and assessed the medical evidence under the new Listing 12.15 for PTSD. The ALJ articulated specific and valid reasons for concluding Petitioner's mental impairments did not meet the criteria required for Listing 12.15. (AR 22-24.) The Court finds the ALJ's conclusions are supported by substantial evidence.

The medical records relevant to the unadjudicated period of disability, beginning on the alleged onset date of October 15, 2016, reflect that Petitioner's mental symptoms had stabilized since the prior ALJ's disability determination. (AR 1101) (Dr. Patterson finding in 2017 and 2018 that Petitioner was generally stable and showed no significant change in his mental symptoms.) Petitioner's treatment records further indicated that

---

[4] Petitioner argues the prior ALJ's decision was reopened because of the new listing. (Dkt. 20 at 13.) The Court disagrees. The Commissioner may reopen a decision either on its own or at the claimant's request. 20 C.F.R. §§ 404.987 404.988. An ALJ may also implicitly reopen a prior claim by considering the merits of a claimant's disability status during an already-adjudicated period. *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). There is no indication here, however, that Petitioner requested the Commissioner to reopen the first decision. Further, the second ALJ did not implicitly reopen the prior decision. The ALJ's finding that the new mental listing criteria constituted a changed circumstance only served to rebut the presumption of continuing nondisability. *See Oglesby-Watts v. Berryhill*, No. 2:17-cv-02233-GJS, at *4 (C.D. Cal. Jan. 7, 2019). Indeed, the second ALJ clearly adopted the findings of the first ALJ as final and binding. (AR 17-18, 22.) Moreover, the second ALJ's decision relied only on records relating to the unadjudicated period.

there was no need for additional physical or mental RFC restrictions beyond what the prior ALJ found. (AR 21-27) (Petitioner discontinued certain psychiatric medications, attended treatment therapy only intermittently, and his physical impairments continued to impose only moderate limitations.)

The records cited by Petitioner, on the other hand, predate the alleged onset date applicable to the present application and were considered by the prior ALJ. The Ninth Circuit requires that the ALJ focus on new and material evidence pertaining to the current adjudicated period, rather than revisit the finding pertaining to previously adjudicated periods. *Chavez*, 844 F.2d at 694. The ALJ did so here. The Court finds that the ALJ's decision is reasonable and supported by substantial evidence.

### B.     The ALJ Properly Addressed the VA Records

Petitioner broadly argues the ALJ erred by failing to address 414 pages of records from the Spokane, Washington VA. (Dkt. 20.) In particular, Petitioner points to a health summary record that lists his "active problems" based on findings by Dr. Timothy Patterson; Dr. Allen Seely; and Dr. Richard Parry dated in 2015 and 2016. (Dkt. 20 at 21) (citing AR 665-1079, 1077.) The Court disagrees.

The ALJ properly considered and discussed the records from the VA relevant to the current adjudicatory time period. (AR 20-27.) While the ALJ's decision did not cite the specific records from the Spokane VA that Petitioner references (AR 655-1079, B3F), the records are cumulative of the other VA records that the ALJ reviewed and discussed. (AR 20-27); *see e.g.* (AR 977, 1563.) Moreover, the only particular record from the

Spokane VA that Petitioner cites in support of this argument is the health summary of

Petitioner's "active problems," which Petitioner refers to as "diagnoses" by Drs.

Patterson, Seely, and Parry of: derangement of knee, muscle pain, major depressive

disorder, chronic PTSD, spinal stenosis of lumbar region, and sciatica. (Dkt. 20 at 21)

(citing AR 1077.) As discussed below, the ALJ's decision addressed the relevant VA

records and medical opinions, including those listed on the health summary cited by

Petitioner. (AR 20-27.)

The Court finds the ALJ appropriately addressed the VA records. The AJL

sufficiently explained the reasons for his decision and evidence relied upon for the

disability determination, which are supported by substantial evidence in the record.

**3.      The ALJ Properly Considered the Opinion Evidence**

Petitioner argues the ALJ failed to address and give weight to the medical

opinions of Dr. Patterson, Dr. Seely, and Dr. Parry. (AR 20, 23.) Respondent disagrees,

asserting the ALJ considered the opinion evidence. (Dkt. 22.) The Court finds the ALJ

properly considered the opinion evidence.

**A.      Legal Standard**

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate

the persuasiveness of all medical opinions or prior administrative medical findings from

medical sources. 20 C.F.R. § 404.1520c(a).[5] The factors for evaluating the persuasiveness

---

[5] Petitioner again cites authority relating to an ALJ's evaluation of medical opinion evidence
applicable to claims filed prior to March 27, 2017. (Dkt. 20.) However, since Petitioner's claim
was filed after March 27, 2017, the Court applies the new regulations in 20 C.F.R. § 404.1520c.

of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examinations), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical findings (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements)." 20 C.F.R. §404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ must explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how the other factors were considered. *Id.* However, when two medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(3).

### B.    Dr. Patterson's Opinion

Petitioner argues the ALJ erred by failing to address Dr. Patterson's "psychiatric prognosis" of Petitioner's mental impairments and give proper weight to Dr. Patterson's

---

The new regulations changed how the SSA evaluates medical opinions and prior administrative medical findings by eliminating the use of the term "treating source" as well as what is customarily known as the treating source or treating physician rule. *See* 20 C.F.R. § 404.1520c (The SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."); 81 Fed. Reg. 62560, at 62573-74 (Sept. 9, 2016).

opinion as a treating physician. (Dkt. 20, 23.) Respondent contends the ALJ did not reject

Dr. Patterson's PTSD diagnosis or any other aspects of his records. (Dkt. 22.) Further,

Respondent argues the ALJ properly considered the entire record and assessed an RFC

with limitations appropriate for Petitioner's functional impairments. (Dkt. 22.)

Dr. Patterson, a psychiatrist, has treated Petitioner since 2014. (AR 386.) Dr.

Patterson diagnosed Petitioner with PTSD and major depressive disorder in 2014. (AR

386-387, 1077.) The ALJ adopted Dr. Patterson's diagnosis, concluding Petitioner's

PTSD and depressive disorder were severe impairments. (AR 20.) The ALJ reviewed the

entire record, including Dr. Patterson's reports, and concluded that Petitioner's mental

symptoms had stabilized since the prior disability determination and that there was no

evidence supporting a finding different from the prior ALJ determination (AR 22-23, 26.)

The Court finds the ALJ sufficiently explained his analysis of the medical evidence and

that the ALJ's conclusions are supported by substantial evidence. (AR 22, 26-27.)

The ALJ correctly adopted the prior ALJ's final disability determination of

Petitioner's mental limitations through October 14, 2016. *Chavez*, 844 F.2d at 693. The

ALJ properly reviewed and considered the medical records following the first decision,

including Dr. Patterson's records, and explained the reasons for concluding that "the

evidence relevant to the current adjudicatory period does not reflect any significant

change." (AR 20-27.) Relevant here, the ALJ noted that Dr. Patterson's progress notes in

2017 and 2018 consistently recorded that Petitioner's PTSD symptoms were "stable, not

showing significant change but with chronic symptoms and/or dysfunction." (AR 22, 26-

27, 1101.) The Court finds the ALJ's reasons and conclusion are sufficiently explained and supported by substantial evidence.

In contrast, Petitioner relies almost exclusively on records predating the alleged period of disability. (Dkt. 20 at 17.) The "prognosis" that Petitioner argues the ALJ failed to address is contained in a letter dated December 2, 2014, written by Dr. Patterson to the commander of the Idaho Army Guard, requesting Petitioner be excused from participating in the weekend military drills or annual two weeks drills due to his PTSD. (Dkt. 20 at 17) (citing AR 977.) Again, that record precedes the alleged onset date relevant to Petitioner's present claim and was part of the record considered by the prior ALJ.

Moreover, the records from the applicable adjudicatory time period reveal that Petitioner's impairments were essentially unchanged since the prior disability determination. (AR 21-27.) The ALJ correctly considered Dr. Patterson's more recent records relevant to the unadjudicated period of alleged disability that reflect Petitioner's mental symptoms had stabilized and that his impairments did not require functional limitations beyond those found by the first ALJ. (AR 1101.)

The lone record Petitioner cites that is dated after the first ALJ decision is a March 8, 2018 progress note authored by a registered nurse. (Dkt. 20 at 17) (citing AR 2153.) The note is a record informing Dr. Patterson that Petitioner had telephoned to request a medication refill. (AR 2153.) That record does not establish the ALJ erred in considering Dr. Patterson's opinion or in making the disability determination when viewing the

record as a whole.

Just the opposite, the Court finds the ALJ set forth specific and valid reasons for the decision that are supported by substantial evidence in the record. Namely, that the records from the applicable adjudicatory time show Petitioner's impairments had stabilized and that there was no indication that Petitioner's impairments warrant either a conclusion different from the prior ALJ's decision or additional restrictions to his functional abilities in the workplace.

While the ALJ did not articulate a specific finding regarding the persuasiveness of Dr. Patterson's opinion, any error in that regard was harmless. The ALJ did not reject Dr. Patterson's PTSD diagnosis. Moreover, the records cited by Petitioner preceded the alleged onset date relevant here and, therefore, are not new evidence and were inconsequential to the ultimate nondisability determination. *Brown-Hunter* 806 F.3d at 492; *Molina*, 674 F.3d at 1117–1122. For these reasons, the Court finds the ALJ did not commit harmful err in his consideration of Dr. Patterson's opinion and the ALJ's findings are supported by substantial evidence.

### C.    Dr. Seely's Diagnosis

Petitioner argues the ALJ failed to consider Dr. Seely's diagnosis that "superimposed broad-based disc bulges resulting in moderate neural foraminal narrowing at L2-L3 and L3-L4 with moderate to severe narrowing of the lateral recesses." (Dkt. 20

at 18) (citing AR 2133.)[6] Respondent maintains the ALJ appropriately considered the record related to the condition of Petitioner's lumbar spine. (Dkt. 22.)

The language quoted above is from Dr. Seely's order referring Petitioner for a neurological consult on December 6, 2017. (AR 2126, 2128.) Dr. Seely's findings concerning Petitioner's lumbar spine are based on his reading of a July 20, 2017 MRI. (AR 2127) (Dr. Seely stating the MRI shows a "moderate to severe narrowing of the lateral recesses.")

However, the actual record cited by Petitioner (AR 2133) is a progress note dated December 29, 2017, from the VA Medical Center of the neurosurgery consult report authored by Kiana M. Uylukcu, PA. (Dkt. 20 at 18) (Dkt. 23 at 5, n. 2.) (both citing AR 2133.)[7] Notably, the neurological consult report states that the imaging studies show only a "*moderate* disk narrowing of the lateral recesses," not a "moderate to *severe* narrowing" as Dr. Seely described. (AR 2133) ("super-imposed broad-based disk bulges resulted in moderate stenosis at L2-L3. L3-L4 with *moderate* disk narrowing of the lateral recesses.") (emphasis added.) Importantly, the neurological consult concluded that Petitioner "does not require surgical decompression of the lumbar spine" and recommended that he consider starting gabapentin to address his paresthesia. (AR 2133.)

---

[6] In the summary of relevant medical evidence, Petitioner cites other records purportedly from Dr. Seely which predate the alleged onset of disability. (Dkt. 20 at 9-10.) As discussed throughout this decision, the ALJ did not err in considering the record and concluding that the medical records after the prior disability determination do not establish a disability finding different from the prior ALJ's decision.

[7] Petitioner's brief quotes from a different portion of the record than the portion he cites. (Dkt. 20 at 18) (citing AR 2133); *compare* (AR 2127).

**MEMORANDUM DECISION AND ORDER - 17**

The ALJ specifically discussed the record from the December 2017 neurological consultation, as well as the other records relevant to Petitioner's lumbar spine. (AR 25-26.) Further, the ALJ recognized Dr. Seely as one of Petitioner's "primary care providers." (AR 25.) Indeed, the ALJ agreed with Dr. Seely and concluded Petitioner has a severe impairment of degenerative disc disease of the lumbar spine, but found that his impairment does not meet or medically equal the Listing 1.04. (AR 20-21.) The ALJ presented sufficiently valid reasons for concluding Petitioner's lumbar impairments were moderately limiting and did not warrant further functional restrictions consistent with the findings from the neurological consult. (AR 25-26.) The ALJ's conclusion is supported by substantial evidence in the record. (AR 21, 25-26.) The Court finds the ALJ properly considered the medical records relevant to Petitioner's lumbar spine and properly addressed Dr. Seely's diagnosis.

Although the ALJ did not state the persuasiveness of Dr. Seely's opinion, the Court finds any error by the ALJ failing to set forth the persuasiveness of Dr. Seely's opinion was harmless because it was inconsequential to the ultimate non-disability determination. *Brown-Hunter*, 806 F.3d at 492; *Molina*, 674 F.3d at 1117–1122. Again, the ALJ agreed with Dr. Seely's opinion that Petitioner's lumbar impairment was severe. The ALJ articulated sufficient reasons supported by substantial evidence for concluding Petitioner's impairment did not meet the listings or necessitate functional restrictions rendering him unable to work.

**MEMORANDUM DECISION AND ORDER - 18**

### D.      Dr. Parry's Assessment

Petitioner argues the ALJ erred by failing to consider a mental functional report completed by Dr. Parry on September 15, 2016. (Dkt. 20, 23.) Responded maintains the ALJ did not reject Dr. Parry's assessment and did not err by not discussing it, because it predated Petitioner's alleged onset of disability. (Dkt. 22.)

Dr. Parry's September 15, 2016 evaluation was an assessment of Petitioner's mental impairments existing at that time. (AR 2141-2144.) Dr. Parry concluded Petitioner had mostly moderate limitations with two marked limitations in the areas of 1) understanding and remembering detailed instructions, and 2) the ability to get along with coworkers or pears without distracting them or exhibiting behavioral extremes. (AR 2141-2144.) The evaluation was completed shortly before the first ALJ hearing and was part of the record considered by both ALJs. (AR 34, 70.) At the first hearing, the medical examiner specifically reviewed Dr. Parry's September 2016 mental evaluation as well as Dr. Parry's TBI Consult, and testified that those records were "consistent" with the other records considered. (AR 2173-2174.) Based on the evidence and testimony presented, the first ALJ concluded Petitioner's mental impairments did not rise to the level of a listed impairment and that Petitioner retained the ability to perform light work with certain social limitations to account for his mental impairments. (AR 58-63.)[8]

As discussed previously, the second ALJ properly adopted the prior ALJ's

---

[8] The first ALJ decision specifically referenced Dr. Parry's September 2, 2016 TBI Consult, stating Petitioner was "doing well, but still had occasional suicide ideation." (AR 61.)

findings concerning the previously adjudicated disability determination, concluding "the evidence relevant to the current adjudicatory period does not reflect any significant change." (AR 26-27.) Accordingly, the second ALJ considered the medical records pertaining to the current adjudicatory period and sufficiently explained the reasons for his decision, which are supported by substantial evidence. *Chavez*, 844 F.2d at 694.

Petitioner appears to argue the ALJ erred by failing to consider Dr. Parry's 2016 report for the current disability period.[9] That argument, however, fails to account for the fact that the report was written and considered during the previously adjudicated time period when Petitioner was found not disabled in an administratively final decision. The report, therefore, is not new information or significantly probative evidence of Petitioner's impairments during the unadjudicated period applicable here. *See Chavez*, 844 F.2d at 693; *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (concluding ALJ "not required to discuss evidence that is neither significant nor probative"); *Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance."); *see also Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (indicating a statement of disability made outside the relevant time period may be disregarded).

---

[9] To the extent Petitioner contends that the ALJ should reconsider the prior application for benefits, the Court rejects that request. The prior decision is final and binding. *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985) ("The principle of res judicata applies to findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision."). Reconsideration is appropriate when there is "new and material information not presented to the first ALJ." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (quoting *Chavez*, 844 F.2d at 694). Here, Dr. Parry's 2016 assessment was considered by the prior ALJ and, therefore, is not new information.

Based on the foregoing, the Court finds the ALJ's consideration of the record regarding Petitioner's mental functioning was appropriate and the decision is supported by substantial evidence. Petitioner has not pointed to any new evidence establishing a change in circumstance from the prior ALJ's decision.

**4.     Listing 12.15**

Petitioner claims the ALJ erred by failing to address his mental impairment of PTSD under Listing 12.15. (Dkt. 20 at 18-20.) Petitioner argues the ALJ's determination at step three is not supported by substantial evidence, because the ALJ did not consider the entirety of the medical evidence contained in the VA records which supports the underlying 100% service connected disability rating; the records of his treating doctors; third party evidence; and, the lay testimony of Petitioner and his wife. Respondent maintains the ALJ reasonably concluded that Petitioner's impairments did not meet the criteria of any listing, including Listing 12.15. (Dkt. 22 at 3-4.) The Court finds the ALJ determination at step three concerning Listing 12.15 is supported by substantial evidence in the record and therefore free of legal error, for the reasons explained below.

Under applicable SSA regulations, "[t]he Listing of Impairments ... describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). For a claimant's impairment to meet the requirements of a listed impairment, all of the criteria of that exact listing and

the duration requirement of the listing must be satisfied. 20 C.F.R. §§ 404.1525(c)(1-3), 416.925(c)(1-3).

Listing 12.15 addresses trauma-related and stressor-related disorders, including PTSD. 20 C.F.R. § pt. 404, subpt. P, app. 1, § 12.15. To satisfy the requirements of Listing 12.15, Petitioner must satisfy criteria in paragraph A of the listing, which medically substantiates the presence of a mental disorder, and the criteria in either paragraph B or C, which describe the functional limitations associated with the disorder which are incompatible with the ability to work. *Id.* at § 12.00A.

To satisfy the paragraph B criteria, the paragraph A impairments must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning listed in paragraph B. These four areas are:

1. Understand, remember, or apply information;

2. Interact with others;

3. Concentrate, persist or maintain pace; and

4. Adapt or manage oneself.

Listing 12.15B (citing 12.00E). A marked limitation means that a claimant's ability to function independently, appropriately, effectively, and on a sustained basis in a particular area is seriously limited. 20 C.F.R. § pt. 404, subpt. P, app. 1, § 12.00F. An extreme limitation means that a claimant is not able to function in a particular area independently, appropriately, effectively, and on a sustained basis. *Id*.

To satisfy the paragraph C criteria, Petitioner must establish that:

Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and

2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

Listing 12.15C.

Here, the ALJ reviewed the medical records relevant to the adjudicatory period of disability beginning October 15, 2016, and concluded Petitioner's PTSD did not satisfy the criteria of Listing 12.15. (AR 22.) Namely, the ALJ determined that the severity of Petitioner's PTSD, considered singly and in combination, did not meet or medically equal the paragraph B criteria of Listing 12.15. (AR 22-23.)

The ALJ found Petitioner had only mild limitation in understanding, remembering, or applying information; moderate limitation in interacting with others; mild limitation in concentrating, persisting or maintaining pace; and mild limitation in adapting or managing oneself. (AR 22-23.) In making the paragraph B determinations, the ALJ concluded the medical evidence after the first decision indicates Petitioner's symptoms were "essentially unchanged, and nothing in that evidence directs a different conclusion" from the prior ALJ's decision. (AR 22-23.) Because his mental impairments did not cause at least two marked limitations or one extreme limitation, the ALJ found Petitioner

**MEMORANDUM DECISION AND ORDER - 23**

did not meet the listing requirements. (AR 23.) The ALJ also concluded that the evidence

failed to establish the paragraph C criteria. (AR 23.)

Upon review of the record as a whole, the Court finds the ALJ sufficiently

discussed and evaluated the relevant evidence contained in the record and articulated

adequate reasons for concluding Petitioner failed to meet or equal Listing 12.15. Namely,

that the medical evidence shows Petitioner's mental impairments caused no more than

mild or moderate limitations in the four areas of mental functioning comprising the

paragraph B criteria of Listing 12.15. (AR 22-24.) As determined above, the ALJ

properly considered Dr. Patterson's opinion and the VA disability rating. The ALJ also

discussed records from Petitioner's counselor, Talia Torrano, LPMHC; Benjamin

Kartchner, M.D.; the state agency psychological evaluators, Dave Sanford, Ph.D, and

Michael Dennis, Ph.D.; and considered statements by Petitioner and his wife. (AR 22-

27.)

The ALJ examined the longitudinal medical evidence relevant to the current

adjudicatory period, including Petitioner's treatment history, which consistently reported

findings that Petitioner's mental impairments were generally stable with some chronic

symptoms. The ALJ's conclusion that the medical records on or after October 15, 2016,

indicated Petitioner's mental impairments had stabilized and nothing in the new evidence

supported a finding different from the prior ALJ's decision, is supported by substantial

evidence.

The record relied on by Petitioner, however, is a January 21, 2016 opinion of Dr. Karen Jones, which precedes the alleged onset date applicable here and was part of the record considered by the first ALJ. (Dkt. 20 at 19) (citing AR 69, 1350.) The ALJ did not err by not addressing Dr. Jones' opinion from the prior adjudicatory period. *Chavez*, 844 F.2d at 694; *see also Oglesby-Watts*, 2019 WL 134555, at *4-5 (ALJ did not err by only considering evidence from the relevant period when the prior claim period was not reopened.).

For these reasons, the Court finds the ALJ properly considered the evidence in the record relevant to the current adjudicatory time period and set forth sufficient reasons supported by substantial evidence for finding Petitioner's limitations did not meet the criteria for Listing 12.15. *See Tommasetti v. Astrue*, 688 F.3d 135, 1041-42 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

To the extent Petitioner argues the ALJ committed error by failing to conduct an analysis of the paragraph A criteria for the listings, the Court disagrees. The criteria for both paragraphs A and B or the requirements of both paragraphs A and C must be satisfied to meet the listings. *See* 20 C.F.R. § pt. 404, subpt. P, app. 1, § 12.00. Thus, even if Petitioner met the criteria for paragraph A, the ALJ correctly found that Petitioner did not meet the listings because he does not satisfy the criteria for paragraph B. Accordingly, the ALJ's decision will be affirmed.

5.      **Combined Effect of Petitioner's Mental and Physical Impairments**

Pointing to the same opinion evidence discussed above, Petitioner argues the ALJ erred by failing to discuss the effect of his combined physical and mental limitations in determining the residual functional capacity (RFC). (Dkt. 20, 23.) Respondent maintains the ALJ properly considered the medical opinions and his findings are supported by substantial evidence. (Dkt. 22.)

The RFC is the most a person can do, despite their physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. The determination of a claimant's RFC is an administrative finding reserved to the Commissioner that is based on "all of the relevant medical and other evidence," including medical opinion evidence, medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *See* SSR 96–8p; 20 C.F.R. §§ 404.1527(d), 404.1545(a)(3), 404.1513(a)(2). The ALJ is "responsible for translating and incorporating medical findings into a succinct" RFC. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

Here, the ALJ determined that Petitioner retained the ability to perform light work with certain external and non-external limitations consistent with the record, Petitioner's testimony, the medical opinions, and the findings adopted from the prior ALJ decision. (AR 24.) The ALJ discussed the applicable standard; Petitioner's physical and mental impairments, including impairments that are not severe; the medical record relied upon; and the reasoning underlying the RFC determination. (AR 24-27.) As outlined above, the

ALJ did not commit harmful legal error in his consideration of the medical record and opinion evidence, or by adopting the prior ALJ's findings.

Petitioner has not identified any evidence from the unadjudicated period of alleged disability showing the ALJ's RFC assessment is not supported by substantial evidence. Again, the only evidence Petitioner references is evidence that predates the alleged onset date and was considered by the prior ALJ. (Dkt. 20 at 22-23) (citing AR 2187 which is testimony by the vocational expert at the prior hearing and generally referring to the same findings by Dr. Patterson, Dr. Seely, and Dr. Parry previously discussed.) The Court therefore finds the ALJ's assessment of Petitioner's functional limitations in the RFC is supported by substantial evidence and free of harmful error.

## **ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises, **it is hereby ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and the petition for review is **DISMISSED**.

DATED: November 30, 2020

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 27**